FILED
SUPERIOR COURT
OF GUAM

2014 JUN 18 AM 10: 50

CLERK OF COURT
BY:_____

## IN THE SUPERIOR COURT OF GUAM

PEOPLE OF GUAM )  CRIMINAL CASE NO. CF0083-13
)
)
)  DECISION AND ORDER
)
v.  )  (Defendant's Motion to Have Defendant
)  Transported by Department of Corrections
)  to Attend Funeral of Defendant's
CHAD RYAN DE SOTO,  )  Grandfather)
)
Defendant.  )
)

## INTRODUCTION

This matter came before the Honorable Anita A. Sukola on June 17, 2014, on Chad R. De Soto's ("Defendant") Motion to Have Defendant Transported by Department of Corrections to Attend Funeral of Defendant's Grandfather. Defendant was represented by Public Defender Eric D. Miller and Assistant Public Defender Jocelyn M. Roden. Chief Deputy Attorney General Philip J. Tydingco and Assistant Attorney General Gerald L. Henderson appeared on behalf of the People of Guam ("the People"). Following the hearing, the Court took the matter under advisement. Upon review of the written arguments and legal authorities presented by both parties, the Court hereby issues this Decision and Order **DENYING** Defendant's motion.

## BACKGROUND

Defendant was initially indicted by a Superior Court of Guam Grand Jury with three counts of Aggravated Murder (as a 1st Degree Felony) with Special Allegation—Possession and Use of a Deadly Weapon in the Commission of a Felony (three counts) and twelve counts of

People v. Chad R. De Soto (CF83-13)                                    Page 1 of 4
Decision and Order – Defendant's Motion to Have Defendant Transported by
Department of Corrections to Attend Funeral of Defendant's Grandfather

Attempted Aggravated Murder (as a 1st Degree Felony) with Special Allegation—Possession and Use of a Deadly Weapon in the Commission of a Felony (twelve counts) on February 21, 2013. Indictment (Feb. 21, 2013). On February 28, 2013, the People moved the Court to dismiss count nine of the second charge of the Indictment. The People stated that "this charge duplicates a previous count charged in the Indictment (Count 5 of the Second Charge)." People's Mot. & Order of Dismissal of Count Nine of the Second Charge of the Indictment (Feb. 28, 2013).

Jury selection commenced on June 9, 2014, and on June 16, 2014, a jury of twelve with six alternates were empanelled and the trial proceeded. On June 13, 2014, Defendant filed an Ex Parte Notice of Motion and its Motion to Have Defendant Transported by Department of Corrections to Attend Funeral of Defendant's Grandfather. The People filed its opposition on June 17, 2014. On June 17, 2014, this Court heard oral arguments and took the matter under advisement.

## DISCUSSION

Defendant moves this Court to allow him to attend the private funeral viewing of his recently deceased Grandfather. Def.'s Mot. (June 13, 2014). As per Defendant's Motion, Defendant's request was made pursuant to 8 GCA § 40.20. Id. The viewing will take place on June 21, 2014 at the Palauan Evangelical Church in Tamuning, Guam between 8:00 a.m. to 8:45 a.m. Id. During oral arguments on June 17, 2014, Defendant clarified that, in light of concerns regarding Defendant's appearance potentially creating a spectacle, Defendant's Mother had requested that Defendant not attend the actual funeral but instead arrive forty-five minutes before the funeral to mourn alone with the family and church pastor.

People v. Chad R. De Soto (CF83-13)                                                                 Page 2 of 4
Decision and Order – Defendant's Motion to Have Defendant Transported by
Department of Corrections to Attend Funeral of Defendant's Grandfather

On June 17, 2014, the People filed its Opposition to Defendant's Motion to Have Defendant Transported to Attend Funeral. People's Opp'n Mot. at 1 (June 17, 2014). The People argue that, in light of the fact that Defendant is already facing a possible mandatory life sentence without parole if convicted, "Defendant faces no additional punitive consequences if he chooses to engage in violence." Id. Furthermore, the People are concerned that, given the high publicity of this case and the charges against the Defendant, security at the Palauan Evangelical Church may be an significant issue. Id. at 1-2. Lastly, the People noted that "Defendant has expressed concerns that he might hurt/kill members of his family." Id. at 2.

Guam law indicates when detainees at the Department of Corrections may be subject for temporary release as follows:

> The Director of Corrections may extend the limits of the place of confinement of a prisoner entrusted to the Director's custody, where there is reasonable cause to believe the prisoner will honor the Director's trust, by authorizing the prisoner, under prescribed conditions, which shall include close supervision at all times by one (1) or more armed escorts, and twenty-four (24)-hour written notice to the Attorney General of Guam or the Chief Prosecutor, the Superior Court of Guam and the Guam Police Department, to visit a specifically designated place or places for a period not to exceed twenty-four (24 hours and return to the institution. An extension of limits may be granted only to permit a visit to a dying relative, attendance at the funeral of a relative, the obtaining of necessary medical services not otherwise available, or for any other equally compelling reason consistent with the public interest and safety.

9 GCA § 80.49(a) (2005).

Upon reviewing the arguments set forth by both parties, this Court is of the opinion that Defendant should not be allowed temporary release in order to attend his Grandfather's funeral. The Defendant has been accused of committing an extremely heinous offense and is potentially facing a life sentence without parole if he is convicted. Furthermore, given the significant amount of publicity surrounding this case, the safety and security of both the Defendant and his family would certainly be jeopardized if he is released into the general public. Lastly, this Court

People v. Chad R. De Soto (CF83-13)                                    Page 3 of 4
Decision and Order – Defendant's Motion to Have Defendant Transported by
Department of Corrections to Attend Funeral of Defendant's Grandfather

is quite concerned that there will be several key potential witnesses present at the funeral and wishes to avoid any possible communication between the Defendant and these individuals in the midst of Defendant's trial.

While this Court certainly sends it condolences to the Defendant and his family for their loss, in light of the aforementioned reasons, this Court cannot allow the Defendant's request at this time. Accordingly, the Defendant's motion is **DENIES**.

## CONCLUSION

By preponderance of the evidence and based on the foregoing reasons, the Court **DENIES** Defendant's Motion to have Defendant Transported by Department of Corrections to Attend Funeral of Defendant's Grandfather.

SO ORDERED this 18th day of JUNE, 2014.

HONORABLE ANITA A. SUKOLA
Judge, Superior Court of Guam

SERVICE VIA COURT BOX
I acknowledge that a copy of the
original hereto was placed in the
court box of:  ____PUSC___
____AG_____

Date: 6·18·14  Time: 11:00pm

Jerry T. Guerrero
Deputy Clerk, Superior Court of Guam

People v. Chad R. De Soto (CF83-13)                                                                    Page 4 of 4
Decision and Order – Defendant's Motion to Have Defendant Transported by
Department of Corrections to Attend Funeral of Defendant's Grandfather